UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE SHOCKLEY,

      Plaintiff,

vs.                                  CASE NO.:

CABINET WAREHOUSE PLUS,
INC., A FLORIDA
CORPORATION, AND JOSEPH
BRACCIO, INDIVIDUALLY,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRUCE SHOCKLEY, by and through the undersigned attorney, hereby sues the Defendants, CABINET WAREHOUSE PLUS, INC., a Florida Corporation, and JOSEPH BRACCIO, Individually (hereinafter collectively referred to as "Defendants"), and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Fla. Const. Art. X § 24(b).

## GENERAL ALLEGATIONS

2. Plaintiff performed work for Defendants in Pasco County, Florida, among other locations.

3. Plaintiff worked for Defendants from June 2018 until March 2020.

1

4. Plaintiff was hired as a warehouse and demolition employee.

5. Plaintiff's duties included, but were not limited to, assembling cabinets, preparing shipments for delivery, as well as completing the demolition and removal of Defendants' customer's kitchens, bathrooms and tile flooring.

6. Throughout Plaintiff's employment, Plaintiff was paid a salary of $500.00 per week.

7. During his employment with Defendants, Plaintiff routinely worked in excess of forty (40) hours per week.

8. During his employment with Defendants, Plaintiff never received additional compensation for hours worked in excess of forty (40) per week.

9. During Plaintiff's employment with Defendants, in at least one or more weeks, Plaintiff's regular rate of pay fell below the applicable minimum wage.

10. Defendant, CABINET WAREHOUSE PLUS, INC., is a Florida Corporation that operates and conducts business in, among others, Pasco County, Florida and is therefore, within the jurisdiction of this Court.

11. At all times relevant to this action, JOSEPH BRACCIO, is an individual resident of the State of Florida, who owns and operates CABINET WAREHOUSE PLUS, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of CABINET WAREHOUSE PLUS, INC.  By virtue of having regularly exercised that authority on behalf of CABINET WAREHOUSE PLUS, INC., JOSEPH BRACCIO, is an employer as defined by 29 U.S.C. § 201, et seq.

12. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

13. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

14. This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1367.

15. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

16. At all times material hereto, Defendants had (2) or more employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce including, inter alia, trucks, wood for cabinets, and a variety of stone materials used for countertops and flooring, which were used directly in furtherance of Defendants' commercial activity of operating as a cabinet manufacturer.

17. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

18. Further, Plaintiff is individually covered under the FLSA given his handling of goods and materials in interstate commerce.

### MINIMUM WAGE AND OVERTIME VIOLATIONS

19. At all times relevant to this action, Defendants failed to comply with Fla. Const. Art. X § 24 and the FLSA because Plaintiff performed services for Defendants

for which he was not paid full minimum wages for all hours worked and no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

20. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per week during one or more work weeks.

21. During his employment with Defendants, Plaintiff routinely worked overtime hours.

22. During his employment with Defendants, Plaintiff never received any additional compensation for any hours worked over forty (40) per week.

23. Plaintiff's job duties do not meet any exemptions from overtime compensation provided by the FLSA.

24. Based upon the above policies, Defendants have violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

## COUNT I – RECOVERY OF MINIMUM WAGES (FLORIDA CONSTITUTION)

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

27. During his employment with Defendants, Plaintiff was not always paid the minimum wage for each hour worked in violation of Fla. Const. Art. X § 24.

28. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work

weeks, Plaintiff has suffered damages plus incurring reasonable attorney's fees and costs.

29. Defendants did not have a good faith basis for its failure to pay Plaintiff minimum wages for each hour worked.

30. As a result of Defendants' willful violation of the law, Plaintiff is entitled to liquidated damages in an amount equal to unpaid wages.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRUCE SHOCKLEY, demands judgment against Defendants for unpaid compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF MINIMUM WAGES (FLSA)

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

33. Plaintiff is/was entitled to be paid the minimum wage for each hour worked per week.

34. During his employment with Defendants, Plaintiff was not paid the minimum wage for each work week of work performed in violation of the FLSA.

35. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff minimum wages for each hour worked in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

36. Defendants did not have a good faith basis for its failure to pay plaintiff minimum wages for each hour worked.

37. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

38. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRUCE SHOCKLEY, demands judgment against Defendants for unpaid compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate

## COUNT III - RECOVERY OF OVERTIME COMPENSATION

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

40. Plaintiff worked in excess of forty (40) hours per week.

41. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

42. Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or manifested a reckless disregard

for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for his hours worked in excess of forty (40) hours per work week when Defendants knew, or should have known, such was, and is due to Plaintiff.

45. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

46. Due to the intentional, willful, unlawful acts of Defendants, Plaintiff suffered and continues to suffer, damages and lost compensation for his hours worked over forty (40) hours per work week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, BRUCE SHOCKLEY, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 28(b), Plaintiff hereby demands a trial by jury.

Dated this <u>8th</u> day of December, 2020.

/s/ Matthew Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Ryan D. Naso, Esq.
FBN 1010800
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979

Telephone: (407) 236-0946  
Facsimile: (407) 867-4791  
Email: Mgunter@forthepeople.com  
       RNaso@forthepeople.com  
       CEffron@forthepeople.com  
***Attorneys for Plaintiff***